Hon. Mary Estill Buchanan Secretary of State State of Colorado 1575 Sherman Street, 2d Floor Denver, Colorado, 80203
Dear Mrs. Buchanan:
I am writing in response to your March 11, 1980 request for an attorney general's opinion on the questions stated below:
QUESTIONS PRESENTED AND CONCLUSIONS
Your request presents two questions:
1. Whether the term "agent" as used in C.R.S. 1973, 1-2-203(1) refers to a person designated in writing as the representative of a qualified elector seeking to register?
 My opinion is "no." It is my opinion that an agent, as that term is employed in the above cited section, refers only to a person acting for a qualified elector to effect his registration, and does not require that such relationship be in writing.
2. Whether the application forms for affidavit registration may be furnished to any elector?
 My answer is "yes." It is my opinion that forms for affidavit registration are to be provided any elector.
ANALYSIS
1. C.R.S. 1973, 1-2-203(1) provides:
 (1) When any qualified elector, because of serious illness, physical disability, or absence from the county, is unable to register under other provisions of this part 2, such elector may be registered by filing or causing his agent to file with the county clerk and recorder a verified application, as prescribed by the county clerk and recorder, any time after forty-five days following any general election, except the thirty-one days immediately preceding a general, primary, or special election. The elector shall declare under oath on the application that because of serious illness, physical disability, or absence from the county he shall be unable to register under other provisions of this part 2. He shall answer the questions and subscribe to the oath required by sections 1-2-206 and 1-2-207. The elector shall subscribe to the oath before an officer authorized by law to administer oaths. Upon receipt of the verified application, the county clerk and recorder shall forthwith register the elector in the registration book for the precinct wherein the elector resides, in the same manner as electors appearing in person are registered, and shall write or stamp in the space for the elector's signature the words "registered by affidavit".
(Emphasis added.)
The above-cited statute therefore provides that a qualified elector may use an agent solely to effect the filing of his verified affidavit with the county clerk and recorder, and does not provide for the use of an agent to effect the registration process itself.
While the principal/agent relationship may be defined in a contractual form, this is not a requirement of either the common law nor the statute. It should be noted that C.R.S. 1973, 1-2-203(1) does not require that the agent of the elector be his "legal agent," as is required for affidavit registration under C.R.S. 1973, 1-7-102(3) (Supp. 1979). Black's LawDictionary 4th ed., rev., defines "special agent" as one acting for an individual to conduct a particular transaction or piece of business or to perform a specified act. There is no requirement that such relationship be defined by contract or in any other written form. It is my opinion that agent, as defined in C.R.S. 1973, 1-2-203, is best defined as such special agent and that the county clerk could not require that such relationship be set forth in writing. Further, it is my opinion that such an interpretation is consistent with the provisions of C.R.S. 1973, 1-1-103(1) which provide that the election code shall be liberally construed so that all legally qualified electors may be registered and permitted to vote.
2. It is my opinion that any elector, and not just the elector wishing to register by affidavit, may request and receive forms for the purpose of making such application. C.R.S. 1973, 1-2-203(2) specifically provides that "any elector" may request such forms, and further provides that the county clerk and recorder shall keep a record of all forms furnished, including the name of the person to whom furnished and that such person shall account under oath to the county clerk and recorder in detail the disposition of forms furnished to him. That section therefore clearly contemplates that the forms for the purposes of affidavit registration will be supplied to persons other than the affiant himself and provides accountability for the disposition of such forms. There is no requirement in paragraph two of the above cited statute that the person requesting the forms have any relationship with the person registering by affidavit.
SUMMARY
It is my conclusion that, for the purpose of C.R.S. 1973, 1-2-203, a qualified elector may register by affidavit by filing, or by causing any other person to file, his verified application. Forms for the purpose of making such application must be furnished to any elector upon his request.
Very truly yours
 J.D. MacFARLANE Attorney General
ELECTIONS SECRETARY OF STATE
C.R.S. 1973, 1-2-203
C.R.S. 1973, 1-7-102
C.R.S. 1973, 1-1-103
SECRETARY OF STATE DEPT. Elections, Div. of
C.R.S. 1973, 1-2-203 does not require that an agent of an elector be his legal agent.